UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Cody A. Hearn and Christopher A. Hearn, individually and as Personal Representative of the Estate of Henry C. Hearn,<br><br>              Plaintiffs,<br><br>vs.<br><br>Lancaster County; Barry S. Faile, individually and in his official capacity as the Sheriff of Lancaster County; Debbie Horne, individually and in her official capacity as Jail Administrator; and Chuck Kirkley, Donovan Small, Mitzi Snipes, and James Whitaker, individually and in their official capacities as Lancaster County Deputy Sheriffs; John Does 1-6, individually and in their official capacities as Lancaster County Deputy Sheriffs; and John Does 7-12, individually and in their official capacities as Lancaster County Correction Officers,<br><br>              Defendants. | C/A No.: 9:11-1074-MBS-BM<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

This action was originally filed by the Plaintiffs in the South Carolina Court of Common Pleas, Sixth Judicial Circuit. The case was then removed to this United States District Court by the Defendants on May 4, 2011 on the basis of federal question jurisdiction. 20 U.S.C. § 1331, 1441. On that same date, the Defendants filed a motion to dismiss pursuant to Rule 12,



- 1 -

Fed.R.Civ.P., on the grounds of lack of service of process, lack of a proper party, and failure to state a claim. Plaintiff filed a memorandum in opposition to the Defendants' motion on May 26, 2011, following which the Defendants filed a reply memorandum on June 3, 2011.

This matter is now before the Court for disposition.[1]

### Plaintiffs' Allegations

Plaintiffs allege in their Complaint that on or about September 13, 2009 the decedent Henry C. Hearn was arrested by Defendant Sheriff's Deputy Donovan Small of the Lancaster County Sheriff's Department following a complaint by Hearn's ex-wife.[2] Shortly before Hearn's arrest, Small and another Sheriff's Deputy (Defendant Sergeant James Whitaker) had found some notes purportedly written by Hearn indicating that he was suicidal. Hearn was transported to the Lancaster County Detention Center, and at some point Small also showed the "suicide note" to Defendant Lieutenant Chuck Kirkley. Plaintiffs allege that Small subsequently located Hearn's belongings, which contained two additional suicide letters. Notwithstanding these facts, however, Plaintiffs allege that Hearn was booked into the Lancaster County Detention Center on September 13, 2009 by Defendant Sergeant Mitzi Snipes and other personnel, at which time the booking officer indicated that Hearn was no risk of suicide on the Receiving/Screening Form. Plaintiffs further allege that no suicide watch was undertaken, there was absolutely no monitoring or any other efforts made to prevent a suicide, and that later that afternoon Hearn hung himself in his cell.

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), D.S.C. The Defendants have filed a motion to dismiss. As this motion is dispositive, this Report and Recommendation is entered for review by the Court.

[2] Plaintiffs are the children, and personal representatives of the estate of, the decedent Henry Hearn. They have filed this suit both as personal representatives of the estate and individually.



Plaintiffs allege that Lancaster County, Lancaster County Sheriff Barry Faile, and their agents and employees had a duty to supervise the inmates and detainees at the Lancaster County Detention Center, that the Defendants breached their duties, and that as a direct and proximate result caused the death of Henry Hearn. Plaintiffs assert claims for wrongful death and gross negligence under South Carolina law against the Defendants Lancaster County and Faile (First Cause of Action), a survivorship action based on gross negligence under South Carolina law against the Defendants Lancaster County and Faile (Second Cause of Action), wrongful death pursuant to both South Carolina law as well as pursuant to 42 U.S.C. § 1983 as to all Defendants (Third Cause of Action), and a survivorship action pursuant to § 1983 against all Defendants (Fourth Cause of Action). When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## I.

Defendants first argument for dismissal of the Complaint is that this Court does not have jurisdiction over these Defendants because the matter has never been served on the Defendants. This argument is patently without merit. Plaintiffs had one hundred twenty (120) days to serve the Defendants from the filing of their Complaint on April 4, 2011. See Rule 3, SCRCP. However, the Defendants removed this case to federal court well before the expiration of this time and before they had been served.[3] Further, once the case was removed to federal court on May 4, 2011, Plaintiffs

---

[3]Defendants acknowledge in their motion that they had not been served with process prior to filing the Notice of Removal. Defendants were made aware of this action by the Clerk of Court, who forwarded a courtesy copy of the Complaint to the Defendant Lancaster County after it was
(continued...)



120 day period for effecting service of process on the Defendants began anew. See Rule 4(m), Fed.R.Civ.P; Medlen v. Estate of Meyers, 273 Fed.Appx. 464, 470 (6th Cir. 2008)[Where service of process has not been perfected prior to removal to federal court, Plaintiffs in removed cases have one hundred twenty days after the date of removal to complete service]. Therefore, Plaintiffs have until September 1, 2011 to effect service of process on the Defendants.

## II.

Defendants also argue that Lancaster County is not a proper party Defendant in this case. However, the County of Lancaster may be liable under § 1983 if "the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690-691 (1978); see Dotson v. Chester, 937 F.2d 920, 923-924 (4th Cir. 1991)[Local governmental entities may be sued under § 1983]; see also Randall v Prince George's County, Md., 302 F.3d 188, 210 (4th Cir. 2002)[Municipal liability actionable under § 1983 where "custom or usage" of an unconstitutional practice is found to be the fault of municipal policy makers]. Lancaster County is also subject to suit on Plaintiff's state law claims under the South Carolina Tort Claims Act. See S.C. Code Ann. § 15-78-70(c).

Defendants assert in their motion, however, that Plaintiffs have failed to assert any claims against Lancaster County, because all of the conduct complained of was committed by Sheriff's deputies and it is "undisputed as a matter of law that employees of the Sheriff are not County employees . . . ." Defendants further assert that "there can be no dispute that the employees of the Detention Center are all employed by the Sheriff of Lancaster County, and not Lancaster

---

[3](...continued)
filed.



County." Defendants' Memorandum, at p. 2. However, there is no way for the Court to make such a finding based on the allegations of the Complaint. The Complaint lists as Defendants "John Does 7-12", as yet unknown, but who are alleged to be "current or former corrections officers of Lancaster County, South Carolina . . . ." Complaint, at ¶ 11. The Complaint further alleges that "no suicide watch was undertaken with regard to detainee Hearn, and absolutely no monitoring or any other efforts to prevent suicide were undertaken by personnel of . . . the LCDC." The Complaint alleges that the Defendants (including Lancaster County and its agents and employees) failed to take proper precautions, even though they "were responsible for [Hearn's] safety and health". See Complaint, p. 6. It is also alleged in other parts of the Complaint that the Defendant Lancaster County had a duty to provide for Hearn's health and safety and to provide access to medical and psychiatric care, and that in addition to failure to properly supervise, Lancaster County failed to have appropriate policies and procedures in place and/or failed to follow such polices if they existed, and failed to properly train agents and employees of the Defendant. Id., at p. 8.

Hence, Plaintiffs have not limited the allegations of the Complaint to employees of the Sheriff. While it will be incumbent on the Plaintiffs to establish the liability of any county employees for the conditions under which Hearn was held or any lack of care or supervision he received, as well as any resulting liability of the County for any actions taken by such employees, the undersigned cannot find based on the mere allegations of the Complaint that Plaintiffs have failed to set forth sufficient factual matters to state a plausible claim for relief against Lancaster County "on its face". Ashcroft, 129 S.Ct. at 1949; see also Southmark Prime Plus, L.P. v. Falzone, 776 F.Supp. 890 (D.Del. 1991)[When considering a Rule 12 motion to dismiss, the court must accept the factual allegations in the complaint as true, and draw all reasonable inferences in the Plaintiff's favor]; cf.



- 5 -

Millmine v. County of Lexington, et. al., No. 09-1644, 2011 WL 182875, at * 4-5 (D.S.C. Jan. 20, 2011)[Dismissing suit against County where Plaintiff failed to present evidence sufficient to support claim against County in response to Rule 56 Motion for summary judgment].

### III.

Defendants last argument for dismissal is that, according to the allegations of the Complaint, the decedent committed suicide, which "[c]learly . . . indicates that the Plaintiffs' decedent was more negligent as a matter of law." Defendants argue that the claim should therefore be barred under the "assumption of the risk in [Hearn] acting as he did." Defendants Brief, at p. 2. Plaintiffs' Complaint is clearly not subject to a Rule 12 dismissal based on such an argument.

Plaintiffs allege that the Defendants had knowledge that Plaintiff was suicidal, that he was under their care and control, and that they failed to take proper precautions to ensure the health and safety of the decedent. Such a claim is maintainable under both state law and under § 1983. Montgomery v. Anne Arundel County, Maryland, 182 Fed.Appx. 156 (4th Cir. May 3, 2006); Jinks v. Richland County, 585 S.E.2d 281 (S.C. 2003); cf. Scarbro v. New Hanover County, 374 Fed.Appx. 366 (4th Cir. Apr. 1, 2010); Lee v. Downs, 641 F.2d 1117, 1121 (4th Cir. 1981)[Holding that "prison officials have a duty to protect prisoners from self-destruction or self-injury."]; Clinton v. County of York, 893 F.Supp. 581 (D.S.C. 1985)[Following suicide by pretrial detainee, to establish liability under § 1983 on behalf of the county, the Plaintiff has to show that an underlying constitutional violation was caused by a policy or custom of the county]. This argument is therefore without merit. Wolman v. Tose, 467 F.2d 29, 33, n. 5 (4th Cir. 1972)["Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the Court to *infer* that all of the required elements of the cause of action are present."].



- 6 -

## **Conclusion**

Based on the foregoing, the Defendants' motion to dismiss should be **denied**. The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 7, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).